## SCHOEMANN v. SOUTHGATE.

No. 14478—Opinion Filed Oct. 23, 1923.

Rehearing Denied Nov. 20, 1923.

(Syllabus.)

**Municipal Corporations—Town Officers—Time for Qualification and Assuming Duties—Delay.**

The failure of any person elected to an office to qualify and enter upon the duties of such office within the time prescribed, by section 4759, Comp Stat. 1921, by taking the oath prescribed by section 126, Id., and filing the necessary bond, is cured by section 127, Id., if the person so elected or appointed has been prevented from qualifying and entering upon his duties within the time prescribed by said section 4759, and such person will be allowed the time provided in said section 127, in which to qualify and enter upon his duties.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by T. F. Southgate against Joe Schoemann. Judgment for plaintiff, and defendant brings error. Affirmed.

R. H. Reily and A. M. Baldwin, for plaintiff in error

Arrington & Evans, for defendant in error.

HARRISON, J. This was an action in the nature of a quo warranto proceeding instituted in the district court of Pottawatomie county, by defendant in error, T. F. Southgate, against plaintiff in error, Joe Schoemann, for the purpose of establishing Southgate's right to the office of city treasurer of the town of Wanette in said county, and for a writ of mandamus directing Joe Schoemann to vacate the office and turn over all the books, accounts, moneys, etc., belonging to the office of town treasurer of said town to Southgate.

The district court determined from the evidence submitted that Southgate was entitled to the office of city treasurer, and issued a peremptory writ to the said Joe Schoemann to turn over to Southgate the books, moneys, and properties of said office and to vacate same in favor of Southgate, and from such order and judgment the cause is appealed here.

The question upon which the entire case turns is whether or not Southgate qualified within the time prescribed by law by taking and subscribing the statutory oath of office and by filing the required bond.

It is not seriously questioned here that at an election held for such purpose, in said town of Wanette on April 3, 1923, he was duly elected to the office of city treasurer, but it is contended that having failed to qualify by filing his oath and bond within the time prescribed by statute, Southgate forfeited his right to such office and the same became vacant, and that the writ should not issue.

It is contended by defendant in error, Southgate, that he was duly elected to such office, as evidenced by proper certificate of election, and that he attempted to qualify as required by law and within the time prescribed by law, but was prevented from so doing by the failure and refusal of the town officers, authorized so to do, to consider the bond and oath presented by him, and that they arbitrarily refused to meet and refused to hear him, or to give him any consideration whatever.

It seems from the records and briefs that the town council or trustees were the proper officers to fix the amount of bond and to approve the sureties. There was some conflict in testimony as to whether the council did prevent Southgate's com-

pliance with the law by their refusal to consider his bond or to give him a hearing or any consideration, but the trial court found that they did so, found in effect that Southgate was prevented from compliance with the law by the willful refusal on the part of the town council to accept his bond or give it any consideration, or to give him any hearing, although Southgate had taken the oath of office and made bond and had endeavored to get the town council to approve his bond. The judgment of the trial court had the further effect of holding that Southgate, having been prevented from full compliance with the law when he was ready, willing, and endeavoring to do so, had not forfeited his right to the office notwithstanding he had failed to file his oath and bond within the time prescribed by statute; hence the controlling question in the case is whether there is a provision of statute which cures his failure to qualify within the time prescribed where he has been prevented from so doing.

Section 677, Rev. Laws 1910 (section 4759, Comp. Stat. 1921), provides:

"The board of trustees, chosen as aforesaid, shall elect a president from their own body, and such president, trustees and all other officers, elected or appointed, shall, within five days after such election, or appointment, take and subscribe, before some person authorized to administer the same, the usual oath or affirmation for the faithful performance of the duties of their respective offices."

Section 126, Comp. Stat. 1921, provides:

"Every state, county, township, city, town, school district, or other officer under the laws of the state and every deputy or assistant of any such officer, shall, before entering upon the duties of his office, take and subscribe to the following oath or affirmation: * * *"

—and then sets out the form of oath.

Section 127, Comp. Stat. 1921, provides:

"If any person elected to any office mentioned in the preceding section shall fail to qualify and enter upon the duties of such office within the time fixed by law, such office shall be deemed vacant and shall be filled by appointment by the authority provided by law to fill such vacancy; provided, however, that if there is a contest for such office, or if the person elected to such office is prevented or obstructed in any manner from entering upon the duties of such office the time prescribed in which he shall qualify and enter upon the duties of his office shall not govern and he shall be allowed 20 days after the day of such decision or the termination of such preventing or obstructing cause in which to qualify."

We think these statutes meet the contention of plaintiff in error. The question as to whether defendant in error was in fact prevented from complying with the law was a controverted fact determined by the trial court upon conflicting testimony, and there being testimony tending to support his finding in this regard, we do not feel authorized to reverse the judgment. In justice to him we might say that the trial courts' conclusion upon these facts is, in our opinion, strongly supported by the evidence. This being true, section 127, supra, applies, and the judgment of the trial court should not be disturbed.

The case of State v. Matheny, 7 Kan. 328 (Original Edition), 205 (2nd Ed.), is cited, and to an extent relied upon by both parties. The substantial facts in the case are very similar to the facts here, and Mr. Justice Brewer, who delivered the opinion, held that the statutes must be strictly complied with, neither added to nor taken from, but the learned Justice either did not have a curative statute, similar to section 127, Comp. Stat. 1921, or else he overlooked the provisions in such section; hence the case, though very similar in some respects, is not properly applicable to the conditions here presented.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.